# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Michael A. Burnett #200640,

    Plaintiff,

v.

Wendy C. Lane, Unknown Moyer, Unknown Cuellar, Unknown Smith, Unknown Rockwell, Unknown James, Unknown Emery, Unknown Banister, Unknown Rose, Unknown Ramirez, Unknown Rowe, Unknown Kelly, and Jane Does,

    Defendants.

Case:2:21-cv-11180
Judge: Michelson, Laurie J.
MJ: Morris, Patricia T.
Filed: 05-12-2021 At 08:38 AM
PRIS BURNETT V. LANE ET AL (DA)

## JURY TRIAL DEMANDED
## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. Jurisdiction

1. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

### II. Venue

2. The Eastern District of Michigan is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III. Parties

3. Plaintiff Michael A. Burnett was at all times relevant to this action a prisoner incarcerated at Bellamy Creek Correctional Facility during the events described in this complaint.

4. Defendant Unknown Moyer was at all times relevant to this action the **INSPECTOR** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

-1-

4a. Defendant Unknown Rowe was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacity.

5. Defendant Wendy C. Lane was at all times relevant to this action the **ASSISTANT RESIDENT UNIT SUPERVISOR** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

Defendant Unknown Cuellar was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

7. Defendant Unknown Smith was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

8. Defendant Unknown Rockwell was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

9. Defendant Unknown James was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

10. Defendant Unknown Emery was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility

and was acting under the color of state law. She is sued in her individual and official capacities.

11. Defendant Unknown Banister was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

12. Defendant Unknown Rose was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

13. Defendant Unknown Ramirez was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

14. Defendant Unknown Kelly was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. She is sued in her individual and official capacities.

15. Defendants Unknown Does was at all times relevant to this action a **CORRECTIONS OFFICER** at Bellamy Creek Correctional Facility and was acting under the color of state law. They are sued in their individual and official capacities.

### IV. Exhaustion of Administrative Remedies

16. Plaintiff has exhausted his available administrative remedies by filing a grievance and appealing that grievance to finality.

### Grievance Modified Access Status

17. From April 7, 2020 through July 6, 2020, I was placed on modified access status for allegedly filing three grievances within 30 days that were rejected as vague.

18. While on modified status, I was instructed to request my grievances from the Grievance Coordinator, in writing.

19. The request must include a reasonably detailed description of the issue to be grieved.

20. On April 22, 2020, I requested from the Grievance Coordinator in writing a grievance to file on defendant Moyer.

21. I included a reasonably detailed description of the issue to be grieved. The request for a grievance is attached as Exhibit 1.

22. The Grievance Coordinator refused to respond to my request for a grievance.

**Factual Allegations**

23. From March 20, 2020 to the present, defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, Rose, Ramirez, Kelly, and Does gathered from unsuspecting prisoners in Housing Units #3, #4, #6, #7, and #8 their ejaculated bodily waste ("SEMEN") and released the prisoners semen in my mouth, by using the safety systems to lock onto my mouth with prison security technology.

24. From March 20, 2020 to the present, defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, Rose, Ramirez, Rowe, Kelly, and Does would encourage the officers who were assigned to operate the prison security technology to release semen gathered from unsuspecting prisoners in my mouth, when making

-4-

their rounds in Housing Units #3, #4, #6, #7 and #8.

25. I have been housed in each of the Housing Units during my 27 months stay at Bellamy Creek Correctional Facility.

26. From March 20, 2020 to the present, defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, Rose, Rowe, Kelly, Ramirez, and Does brag about using the prison security technology to lock onto unsuspecting prisoners who are in their cells masturbating, and taking the prisoners semen to sexually assault me with, by releasing their semen in my mouth.

27. The sexual assaults occur in the Housing Units, the Dining Hall, the Law Library, and on the Recreational Yard.

28. On April 22, 2020, defendant Moyer called me out of Housing Unit #7 to report to the Control Center (**"ADMINISTRATION BUILDING"**).

29. About a grievance I wrote at the time on unidentified officers who were using the prison security technology **(the Safety Systems")** and releasing semen in my mouth.

30. After I arrived at the Control Center, defendant Moyer begin asking me embarrassing questions about the sexual assaults in front of other prisoners who were also present.

31. I told defendant Moyer that I was not going to discuss the grievance in front of other prisoners.

32. Defendant Moyer stated to me, that I should not file grievances about "swallowing semen," if I do not want to discuss the sexual assaults in front of other prisoners.

33. I was then ordered to leave or be placed in segregation by defendant Moyer.

34. Defendant Moyer retaliated against me because of the grievance I filed against her officers for sexually assaulting me with other prisoners semen.

35. On April 22, 2020, defendant Moyer sought to cover up the sexual assaults by falsely claiming that I stated to her, that the sexual assaults never occurred in her grievance response.

36. On April 22, 2020, defendant Moyer put in a false mental health referral to cover up the fact that she discourage me from reporting the sexual abuse by her officers.

37. I later learned that the real reason defendant Moyer discouraged me from talking about the grievance, was because the officers had used the prison security technology to commit the sexual assaults, in which jeopardizes the safety of prison staff and prisoners because the Policy Directives are **(EXEMPT)** to prisoners and the public.

### Imminent Danger of Serious Physical Injury

38. The defendants in paragraphs #23, #24, and #26 continue to gather from unsuspecting prisoners in Housing Unit #3 their ejaculated bodily waste **(SEMEN)** and releasing the prisoners semen in my mouth, by using the safety systems to lock onto my mouth with prison security technology.

39. As a result of the sexual assaults, I suffer debilitating chest pain that mimic a heart attack and vomiting.

40. Because the continuous force ingestion of semen aggravate my preexisting medical condition of Gastro Esophageal Reflux

-6-

Disease ("GERD").

## Legal Claims

41. The actions of defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, Rose, Rowe, Kelly, and Does in releasing unsuspecting prisoners semen in my mouth without need or provocation was done maliciously and sadistically and subjected me to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

42. The actions of defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, Rose, Rowe, Kelly, and Does in using the safety systems to lock onto my mouth with prison security technology with the intent of causing me harm without need or provocation was done maliciously and sadistically and subjected me to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

43. The actions of defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, Rose, Kelly, Rowe, Ramirez, and Does in encouraging the officers assigned to operate the prison security technology to release semen obtained from unsuspecting prisoners in my mouth when making their rounds in the Housing Units without need or provocation was done maliciously and sadistically and subjected me to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

44. The actions of defendant Moyer in discouraging the reporting of sexual assaults by disclosing to other prisoners that I had been sexually assaulted by female corrections officers because I filed a grievance against her officers subjected me to

retaliation in violation of the First Amendment to the United States Constitution.

45. The actions of defendant Moyer in submitting a false grievance response and mental health referral in an effort to cover up for her officers who had jeopardized the safety of other corrections officers and prisoners by exposing me to the prison security technology in sexually assaulting me subjected me to deliberate indifference to my health and safety in violation of the Eighth Amendment to the United States Constitution.

46. The actions of defendant Moyer in submitting a false grievance response and mental health referral in an effort to cover up for her officers who had jeopardized the safety of other corrections officers and prisoners by using the safety systems to lock onto my mouth with prison security technology and sexually assaulting me after I filed a grievance subjected me to retaliation in violation of the First Amendment to the United States Constitution.

**Relief Requested**

Plaintiff request that this court grant the following relief:

47. Issue an injunction ordering defendant Moyer to report the physical and sexual assaults to the Michigan State Police.

48. Issue an injunction ordering defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, Rose, Kelly, Rowe, Ramirez, and Does to immediately **STOP** from using the safety systems to lock onto plaintiff with the prison security technology and causing him mental or physical harm.

49. Grant compensatory damages in the amount of $500,000

individually against each of the defendants.

50. Grant punitive damages in the amount of $1,000,000 against all defendants.

51. Cost of this lawsuit.

52. Cost of attorney fees.

53. Any other relief this court deems plaintiff is entitled.

Date: 5-10-21

Respectfully submitted,

Michael A. Burnett #200640
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, Michigan 48846



U.S. POSTAGE >> PITNEY BOWES
ZIP 48846 $ 002.00⁰
02 4W
0000376849 MAY 12 2021

RECEIVED
MAY 20 2021
CLERK'S OFFICE
DETROIT

Michael A. Burnett # 300840
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, Michigan 48846

Office of the Clerk
United States District Court
231 West Lafayette Blvd, Room 564
Detroit, Michigan 48226

U.S. MARSHAL

Case 1:21-cv-00462-RJJ-RSK  ECF No. 1, PageID.11  Filed 05/12/21  Page 11 of 11

