UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL ANGELO BURNETT,

                Plaintiff,

v.

WENDY C. LANE et al.,

                Defendants.

_____/

Case No. 1:21-cv-462

Honorable Robert J. Jonker

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff was granted leave to proceed *in forma pauperis* on June 9, 2021 (ECF No. 8).  Since that time, however, it has come to the Court's attention that Plaintiff previously filed at least three lawsuits that were dismissed for failure to state a claim; thus, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  Consequently, the Court will revoke Plaintiff's pauper status and order him to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1]  This fee must be paid within twenty-eight (28) days of this opinion and accompanying order.  If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice.  Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00.  28 U.S.C. § 1914(a).  The Clerk is also directed to collect a miscellaneous administrative fee of $52.00.  28 U.S.C. § 1914(b);  https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due

process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan.  In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous, malicious and/or failed to state a claim.  *See, Burnett v. Marschke et al.*, No. 2:09-cv-225 (W.D. Mich. Feb. 5, 2010); *Burnett v. Hofbauer et al.*, No. 2:09-cv-192 (W.D. Mich. Dec. 2, 2009); *Burnett v. Caruso, et al.,* No. 2:09-cv-180 (W.D. Mich. Oct. 8, 2009); *Burnett v. Hill, et al.,* No. 2:09-cv-39 (W.D. Mich. Mar. 6, 2009); *Burnett v. Caruso, et al.,* No. 2:08-cv-168 (W.D. Mich. Jan. 5, 2009).  In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in dozens of cases.  *See, e.g., Burnett v. Kipela et al.*, No. 2:20-cv-105 (W.D. Mich. Oct. 18, 2010) (ECF Nos. 3-4).  By late 2010, Plaintiff had accumulated all five of his strikes and had been denied pauper status in two dozen additional cases in the Western District of Michigan.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule.  28 U.S.C. § 1915(g).  The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).  "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to

> § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC), and the actions about which he complains purportedly occurred at that facility. He sues IBC Assistant Resident Unit Supervisor Wendy Lane and Inspector Unknown Moyer. Plaintiff also sues Corrections Officers Unknown Cuellar, Unknown Smith, Unknown Rockwell, Unknown James, Unknown Emery, Unknown Banister, Unknown Rose, Unknown Ramirez, Unknown Rowe, Unknown Kelly, and Unknown Parties named as Jane Does.

The instant complaint is one of six complaints filed by Plaintiff over the last seven months. *See also Burnett v. Lane*, No. 1:21-cv-468 (W.D. Mich.); *Burnett v. Spitzley*, No. 1:21-cv-390 (W.D. Mich.); *Burnett v. Macauley et al.*, No. 1:20-cv-1116 (W.D. Mich.); *Burnett v. Wiborn et al.*, No. 1:20-cv-1161 (W.D. Mich.); *Burnett v. Washington*, No. 1:20-cv-1173 (W.D. Mich.). The three 2020 complaints were the first complaints filed by Plaintiff in this Court in 10 years. In his three 2020 complaints, Plaintiff alleged that various prison officials used the prison "Safety System" to deliver feces and urine directly into Plaintiff's mouth over a period of years. Plaintiff admitted that he suffered from paranoia and schizophrenia. The Court eventually

4

determined that Plaintiff's allegations in all three of the 2020 case were frivolous, because they were "fantastic or delusional and [rose] to the level of irrational or wholly incredible." *Rittner*, 290 F. App'x at 79.

In the instant case, Plaintiff alleges that "defendants Lane, Cuellar, Smith, Rockwell, James, Emery, Banister, rose, Ramirez, Kelly, and Does gathered from unsuspecting prisoners in Housing Units #3, #4, #6, #7, and #8 their ejaculated bodily waste ("SEMEN") and released the prisoners semen in my mouth, by using the safety systems to lock onto my mouth with prison security technology."  (Compl., ECF No. 1, PageID.4.)  Plaintiff's allegations against Defendants are functionally identical to the claims deemed fantastic and delusional in *Rittner*, 290 F. App'x at 79.  Because Plaintiff's allegations against Defendants are frivolous, Plaintiff fails to demonstrate that he is in imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00.  When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.


Dated:    June 29, 2021                     /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**